IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| RUEN BEANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| E2 DESIGN & CONSTRUCTION, LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff,  RUEN BEANE ("PLAINTIFF"), and files this Complaint against Defendant, E2 DESIGN & CONSTRUCTION, LLC. ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1.    This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Equal Pay Act and breach of contract.

2.    At all material times, PLAINTIFF was a citizen and resident of Florida and PLAINTIFF is female.

3.    At all material times, DEFENDANT was a Florida corporation that was formerly known as ELIZABETH EVANS CUSTOM HOMES, LLC.  DEFENDANT provides roofing construction and its principal address is in Jacksonville, Florida.

## BACKGROUND

4.    PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF, which DEFENDANT failed to pay in violation of the Equal Pay Act, 29 U.S.C. § 206 (d).

5. At all relevant times, DEFENDANT acted through its officers, agents, servants, and employees.

6. All conditions precedent to maintaining this action have occurred or otherwise been waived.

7. DEFENDANT hired PLAINTIFF in February 2020 to work as an estimator.  While employed by DEFENDANT, PLAINTIFF also worked as a project manager.

8. While working for DEFENDANT, PLAINTIFF was supposed to be paid commissions based on the amount of profit DEFENDANT earned for the jobs that PLAINTIFF managed and/or estimated.

9. DEFENDANT failed to pay PLAINTIFF all the commissions she earned.

10. At all relevant times, DEFENDANT was an employer within the meaning of the Equal Pay Act.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 206.

12. Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF all the commissions it owes her.

13. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

14. The General Allegations and Background above are hereby incorporated by reference

as though fully set forth herein.

15.     Upon information and belief, DEFENDANT paid male employees more than, PLAINTIFF for equal work on jobs requiring equal skill, effort, and responsibility.

16.     The above-described work was performed under similar working conditions.

17.     Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover back pay in the amount she was underpaid, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, costs of litigation and other relief by reason of DEFENDANT'S violations of the Equal Pay Act; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

18.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19.     PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid a salary plus commissions for work she performed as an estimator and project manager.  DEFENDANT also agreed to compensate PLAINTIFF with vacation time.

20.     PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF all the commissions she earned and withholding 37 hours of her vacation time.  More specifically, DEFENDANT breached its agreement by not paying PLAINTIFF at least $13,369l.78 for work she completed at the time of her separation and at least $29,626.88 for jobs in

3

progress at the time of her separation.

21.     As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered

delay in receipt of her wages and has been required to retain an attorney to help get her

pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to

Florida Statute 448.08.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover unpaid wages and commissions, accrued vacation

time nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of

DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other

and further relief as the Court may deem just and proper.


Dated:  June 30, 2022



Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**


**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF